UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:09-cr-146-JAD-GWF-1 |
|---|---|
| Plaintiff | **Order Denying Requests for Compassionate Release and Appointment of Counsel** |
| v. | |
| Raashan Coley, | [ECF Nos. 120, 123] |
| Defendant | |

Raashan Coley is four years into a seven-year custodial sentence after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] He is serving his sentence at Federal Correctional Institute (FCI) Elkton in Ohio and asks for an appointment of counsel and compassionate release because he claims that his Body Mass Index (BMI) of 40 puts him at a higher risk for contracting SARS-CoV-2, the virus that has caused the COVID-19 pandemic. But Coley contracted the virus before filing this motion, weathering it asymptomatically. Because I do not find that extraordinary and compelling reasons exist to grant Coley compassionate release, I deny his motions.

**Discussion**

**A.     Motion for Appointment of Counsel**

Coley asks for an appointment of counsel to supplement his request for compassionate release.[2] The federal public defender's office reviewed his request and pro se filing and filed a notice of non-supplementation that explains it doesn't "believe that any supplement is

---

[1] ECF Nos. 71 (plea memorandum); 113 (judgment).

[2] ECF No. 120 (motion for compassionate release and appointment of counsel).

necessary."[3] In light of the notice of non-supplementation, and because Coley has clearly articulated his position on his own, I find that appointment of counsel is not warranted, deny his request for counsel, and consider his pro-se filing as presented.

**B.    Motion for Compassionate Release**

A sentencing court's ability to modify or reduce a sentence once it's imposed is seriously limited.[4] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[5] is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring such a motion on his behalf.[6] The court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[7] The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[8]

---

[3] ECF No. 121 at 1 (notice of non-supplementation).

[4] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[5] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[6] 18 U.S.C. § 3582(c)(1)(A)(i).

[7] *Id*.

[8] *Id*.

Assuming without deciding that Coley has exhausted the administrative process,[9] I deny his motion on its merits because he has not demonstrated that a reduction in his prison sentence is warranted.  His sole basis for requesting relief is that he has a BMI of 40.  Though the Centers for Disease Control (CDC) recognize that individuals with a BMI above 30 "**are at increased risk** of severe illness from COVID-19,"[10] Coley's request on this basis is neither extraordinary nor compelling.  The government reports that Coley tested positive for COVID-19,[11] and it appears that he weathered the infection asymptomatically.  So Coley's physical condition during this pandemic doesn't warrant his release.

Even if Coley's situation qualified as extraordinary and compelling circumstances to reduce his sentence, I would deny his motion because the applicable § 3553(a) factors do not justify a sentence reduction for him.  Coley's instant conviction is for illegal firearm possession—a dangerous offense.  He admitted that he possessed at least one out-of-state handgun when he was arrested and that he was a convicted felon at that time—his underlying conviction was for first-degree robbery in 1997 in Oregon.[12]  Coley agreed to forfeit three

---

[9] The government disputes that Coley exhausted the administrative process before bringing this motion for compassionate release. ECF No. 124 at 10.  And Coley only submitted an email request of a copy of his compassionate-release request that lacks any information from which I can glean when he submitted it to see if the 30-day, no-answer period passed.

[10] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 17, 2020) (listing underlying conditions that put "[p]eople of any age…**at increased risk** of severe illness from COVID-19" and listing obesity as one such condition) (emphasis in the original).

[11] ECF Nos. 124 at 14; 124-1 at 21.

[12] ECF No. 71 at 11 (plea memorandum) (sealed).

firearms in total,[13] and at the time of his sentencing, Coley had already achieved the highest available criminal history category (VI) based on his prior convictions.

Coley also demonstrated an unwillingness to comply with supervised release conditions in the most flagrant way possible.  As defense counsel explained at his sentencing hearing, after Coley experienced a dirty drug test during pretrial release, he went on the lam, fleeing to Mexico for more than three years.[14]  He failed to appear for his sentencing hearing and a warrant was issued for his arrest.[15]  Coley also admitted that he "got drunk and used cocaine" while on pretrial-release, notwithstanding the conditions prohibiting him from doing so.[16]  Despite his flight, fugitive status, and failure to comply with court-ordered conditions, the sentencing court[17] generously gave him a low-end guidelines sentence of 84 months in custody followed by 3 years of supervised release.[18]  Had he not absconded, Coley would likely have completed his custodial sentence before the pandemic hit.

Coley has consistently shown that he can't—or won't—succeed on supervised release, and his involvement with the criminal justice system hasn't deterred him from criminal activity. The low-end guidelines sentence he received was and remains sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further

---

[13] *Id.* at 8–9.

[14] *See* ECF Nos. 108 (sentencing memorandum); 95; 97 (warrant); 103-1 (transfer from the Southern District of California).

[15] *See* ECF Nos. 96–99.

[16] ECF No. 95 (petition for warrant) (sealed).

[17] Coley was sentenced by now-retired U.S. District Judge Roger Hunt.

[18] ECF No. 113 (imposing 84-month sentence).

crimes by this defendant.[19]  Coley has served four years of his seven-year sentence, and a release at this time would create an unwarranted sentence disparity among defendants convicted of similar conduct.[20]  His history and personal characteristics also foreshadow an inability to succeed on supervision were I to effectively convert his remaining custodial time to an extended period of supervised release.  So I find that Coley is not entitled to a sentence reduction or release to home confinement.

## Conclusion

IT IS THEREFORE ORDERED that the defendant's Motion for Release Under the First Step Act of 2018 and for Appointment of Counsel **[ECF No. 120] is DENIED**.

And with good cause appearing, IT IS FURTHER ORDERED that the government's unopposed motion to file Coley's medical records under seal **[ECF No. 123] is GRANTED.** The Clerk of Court is directed to maintain the seal on ECF No. 124.

Dated: August 24, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[19] 18 U.S.C. § 3553(a)(2).
[20] *Id.* § 3553(a)(6).